UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | | |
|---|---|---|
| PAUL LANDIG, | } | Case No. 9:18-cv-81120 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | Fla. Stat. § 559.55, et seq. |
| SANTANDER CONSUMER USA, INC. | } | 15 U.S.C. § 1681, et seq. |
| DEFENDANT | } | |
| _____/ | | **JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff PAUL LANDIG, through his attorney, brings this action to challenge the actions of Defendant SANTANDER CONSUMER USA, INC., for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors, like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§

559.55-559.785 ("FCCPA").  The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiffs.  "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail."  *Id.* at § 559.552.

4. The Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., ("FCRA") was designed to protect consumers from inaccurate credit reporting and abuses perpetrated by credit information furnishers like the ones described in this complaint, and to protect citizens like Plaintiffs.  "The banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.  […] There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  *Id.* at  § 1681(a).

5.  Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

6.  This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, 15 U.S.C. § 1681p, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

7. Because Defendant conducts business in the State of Florida and in this District by repeatedly contacting Florida residents and residents of this District while attempting to collect upon consumer debts, personal jurisdiction is established.

8. Because all tortious conduct occurred while Plaintiff resided in the City of West Palm Beach, County of Palm Beach, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

9. Plaintiff is a natural person.

10. Defendant is a "debt collector" as such term is described by the FDCPA, 15 U.S.C. § 1692a(6) and the FCCPA, Fla. Stat. § 559.55(7) because Defendant used instrumentalities of interstate commerce within this state, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

11. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA, 15 U.S.C. § 1692a(5) ) and the FCCPA, Fla. Stat. § 559.55(6) because he was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. Specifically, Plaintiff was allegedly obligated to pay money arising out of the purchase of a personal automobile.

12. Plaintiff is a "debtor" and a "consumer" as those terms are described by the FDCPA, 15 U.S.C. § 1692a(3) because he was allegedly obligated to pay a debt. Plaintiff is a "consumer" as such is described by the FCRA, 15 U.S.C. § 1681a(c) because he is an individual.

13. Defendant is, and at all times mentioned herein was, a corporation and is a "person" as defined by the FCRA, 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

14. At some point in the past, Plaintiff financed a personal vehicle with Alphera Financial Services. Plaintiff never missed a payment to Alphera Financial Services.

15. In or around July, 2017, Plaintiff refinanced his vehicle loan with State Farm and Alphera Financial Services was paid in full. Thereafter, Alphera Financial Services sent Plaintiff "balance due"

e-mails every month, each indicating a $0.00 balance due (as he had paid them off in full via the refinance).

16. On April 19, 2018, Defendant mailed Plaintiff a bill stating that Defendant had taken over processing from Alphera Financial Services and that Plaintiff owed Defendant $807.36 with a due date of April 18, 2018 – which is a date before even the date of the letter.

17. On April 20, 2018 and April 23, 2018, Defendant called Plaintiff in an attempt to collect upon the alleged debt.

18. Shortly after receipt of the bill described in paragraph 13, above, Plaintiff contacted Defendant and explained the situation, claiming that he does not owe any money to Defendant and giving Defendant actual knowledge of the invalidity of the alleged debt.

19. On April 28, 2018, Defendant e-mailed Plaintiff stating that his "recent case has been resolved."  However, Defendant still did not stop their debt collection activities.

20. On April 28, 2018, Defendant mailed Plaintiff a dunning letter attempting to collect upon the alleged debt.  Defendant did the same thing on May 29, 2018, June 28, 2018, and July 29, 2018 as well.

21. On July 1, 2018, among other dates, Defendant placed derogatory marks on Plaintiff's credit reports regarding the alleged debt, indicating that the account is past due.  Furthermore, Defendant's failed to indicate on those derogatory marks that the alleged debt, account, or amount were disputed by Plaintiff.

22. As of August 22, 2018, during Defendant's initial communication with Plaintiff, and in fact during every one of Defendant's communications with Plaintiff, Defendant failed to provide Plaintiff with the full set of the following five disclosures: information regarding the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in

writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

23. As of August 22, 2018, Plaintiff is current on his vehicle loan with State Farm and has never missed a payment.  As far as is known, State Farm is perfectly happy with Plaintiff.

## FIRST CLAIM FOR RELIEF

### Violations of the FDCPA, 15 U.S.C. § 1692, et seq.

24. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-23, as if fully set forth herein.

25. By contacting Plaintiff for debt collection purposes and falsely representing the character, amount, or legal status of a debt by attempting to collect an amount from Plaintiff that Plaintiff does not actually owe, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. § 1692e(2)(A).

26.  By placing entries on Plaintiff's credit reports regarding the nonpayment of the alleged debt without indicating that the alleged debt is disputed, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(8).

27.  By placing entries on Plaintiff's credit reports regarding the nonpayment of the alleged debt despite either knowing that such information is false or should have had known that such information is false, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(8).

28. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly

authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

29. By failing to provide Plaintiff with written notice within five days of the initial communication with Plaintiff in connection with the collection of the debt, or during the initial communication itself, the amount of the debt; the name of the creditor to whom the debt is owed; a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor, Defendant has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692g(a).

30. The FDCPA provides for statutory damages of up to $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

31. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

32. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff to up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff is so entitled.

33. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the maximum amount as the court deems proper and may provide;

(b) Actual damages in the maximum amount as the court deems proper and may provide;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

### Violation of the FCCPA, Fla. Stat. § 559.55, et seq.

34. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-23, as if fully set forth herein.

35. By placing entries on Plaintiff's credit reports regarding the nonpayment of the alleged debt without indicating that the alleged debt is disputed while having actual knowledge of the existence of the reasonable dispute, to Defendant has engaged in illegal practices under the FCCPA, Fla. Stat. § 559.72(6).

36. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, despite and after receiving actual knowledge of the invalidity of the alleged debt, and Defendant admitting to Plaintiff that "his case has been resolved" (signifying actual knowledge), Defendant claimed or attempted to enforce a debt when Defendant knows the debt is not legitimate, in violation of the FCCPA, Fla. Stat. § 559.72(9).

37. The FCCPA provides for actual damages for violation of the statute, Fla. Stat. § 559.77(2).

38. The FCCPA provides for statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

39. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

40. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

41. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

42. Fla. Stat. § 559.77(2) entitles Plaintiff to up to $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

43. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the maximum amount the court deems proper and may provide;

(c) Punitive damages in the maximum amount the court deems proper and may provide;

(d) Reasonable attorney's fees and costs;

(e) And any other relief the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## THIRD CLAIM FOR RELIEF

**Violation of the FCRA, 15 U.S.C. § 1681, et seq.**

44. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-23, as if fully set forth herein.

45. By placing entries on Plaintiff's credit reports regarding the nonpayment of the alleged debt despite either knowing that such information is inaccurate or should have had known that such information is inaccurate, Defendant has engaged in illegal practices under the FCRA, 15 U.S.C. § 1681s-2(a)(1)(A).

46. By placing entries on Plaintiff's credit reports regarding the nonpayment of the alleged debt despite being notified by Plaintiff that the information reported is inaccurate and the information is

actually inaccurate, Defendant has engaged in illegal practices under the FCRA, 15 U.S.C. § 1681s-2(a)(1)(B).

47. By placing entries on Plaintiff's credit reports regarding the nonpayment of the alleged debt without indicating that the alleged debt is disputed, Defendant has engaged in illegal practices under the FCRA, 15 U.S.C. § 1681s-2(a)(3).

48. By placing entries on Plaintiff's credit reports regarding the nonpayment of the alleged debt, having received notice of dispute from Plaintiff that the information reported is inaccurate and disputed, and failing to complete an investigation of the dispute and report the results to Plaintiff within the time span that would be required of a consumer reporting agency had Plaintiff disputed the entries pursuant to 15 U.S.C. § 1681i(a)(1), Defendant has engaged in illegal practices under the FCRA, 15 U.S.C. § 1681s-2(8)(E)(iii).

49. The FCRA provides for actual damages sustained as a result of willful violations of the statute, 15 U.S.C. § 1681n(a)(1)(A).

50. The FCRA provides for statutory damages of $1,000.00 for willful violations of the statute, 15 U.S.C. § 1681n(a)(1)(A).

51. The FCRA provides for punitive damages for willful violations of the statute, 15 U.S.C. § 1681n(a)(2).

52. The FCRA provides for reasonable attorney's fees and costs in any successful action proving willful violations of the statute, 15 U.S.C. § 1681n(a)(3).

53. The FCRA provides for actual damages sustained as a result of negligent violations of the statute, 15 U.S.C. § 1681o(a)(1).

54. The FCRA provides for reasonable attorney's fees and costs in any successful action proving negligent violations of the statute, 15 U.S.C. § 1681o(a)(2).

55. 15 U.S.C. § 1681n(a)(1)(A) entitles Plaintiff to actual damages for Defendant's willful violations of the FCRA, 15 U.S.C. § 1681, et seq., and Plaintiff is so entitled.

56. 15 U.S.C. § 1681n(a)(1)(A) entitles Plaintiffs to up to $1,000.00 in statutory damages for Defendant's willful violations of the FCRA, 15 U.S.C. § 1681, et seq., and Plaintiff is so entitled.

57. 15 U.S.C. § 1681n(a)(2) entitles Plaintiffs to punitive damages for Defendant's willful violations of the FCRA, 15 U.S.C. § 1681, et seq., and Plaintiff is so entitled.

58. 15 U.S.C. § 1681n(a)(3) entitles Plaintiffs to reasonable attorney's fees and costs upon successfully proving Defendant's willful violations of the FCRA, and Plaintiff is so entitled.

59. 15 U.S.C. § 1681o(a)(1) entitles Plaintiffs to actual damages for Defendant's negligent violations of the FCRA, 15 U.S.C. § 1681, et seq., and Plaintiff is so entitled.

60. 15 U.S.C. § 1681o(a)(2) entitles Plaintiffs to reasonable attorney's fees and costs upon successfully proving Defendant's negligent violations of the FCRA, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the maximum amount the court deems proper and may provide;

(c) Punitive damages in the maximum amount as the court deems proper and may provide;

(d) Reasonable attorney's fees and costs;

(e) And any other relief as the court deems proper and may provide.

Plaintiffs request a jury for all claims so triable.

Respectfully submitted this 22nd day of August, 2018,

By Plaintiff's attorney: /s/ Nicholas Michael Murado
Nicholas Michael Murado
Florida Bar # 102769
Murado Law, P.A.
2010 S.W. 99th Avenue
Miramar, Florida, 33025
Telephone: 754-816-2196
E-mail: muradolaw@gmail.com